IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDICE L. MILARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. CIV-20-275-C |
| STATE OF OKLAHOMA, ex rel., OKLAHOMA ATTORNEY GENERAL, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed suit against Defendant alleging race discrimination in violation of Title VII, 42 U.S.C. §§ 2000e, *et seq.*, and the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. §§ 1101, *et seq.* ("OADA").  Plaintiff asserts that Defendant discriminated against her and ultimately terminated her because of her race – African American.  Defendant filed a Motion for Summary Judgment arguing that the undisputed material facts demonstrate Plaintiff's termination was not due to her race.

### STANDARD OF REVIEW

Summary judgment is properly granted if the movant shows that no genuine dispute as to any material fact exists and that the movant "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of

material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted). If the movant satisfactorily demonstrates an absence of a genuine issue of material fact with respect to a dispositive issue for which the non-moving party will bear the burden of proof at trial, the non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). When considering a motion for summary judgment, a court must "'view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.'" Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000) (quoting Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999), *abrogated on other grounds by* Eisenhour v. Weber Cnty, 739 F.3d 496 (10th Cir. 2013)).

## ANALYSIS

For purposes of this Motion, Defendant concedes that Plaintiff has established a prima facie case of discrimination. Thus, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If Defendant does, the Plaintiff can withstand summary judgment if Plaintiff shows "there is a genuine dispute of material fact as

2

to whether the employer's proffered reason for the challenged action is pretextual—i.e., unworthy of belief." Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995).

To sufficiently meet the burden of articulating a legitimate, nondiscriminatory reason for the employment action, Defendant "must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 255 (1981). Defendant does not have to prove to the Court that "it was actually motivated by the proffered reasons." Id. at 254. Defendant states that Plaintiff was terminated because she failed to adequately perform her job. Defendant notes that Plaintiff's supervisor held monthly meetings with her to address work performance and the supervisor frequently returned redlined documents to Plaintiff for correction and instruction. Defendant notes that much of the work performed by Plaintiff was substandard. Accordingly, Defendant has clearly articulated a legitimate, nondiscriminatory reason for Plaintiff's termination.

At this stage, Plaintiff must "show that the defendant['s] reasons are a pretext for discrimination . . . ." Drake v. City of Fort Collins, 927 F.2d 1156, 1160 (10th Cir. 1991). "Plaintiff may meet this burden directly by a showing that racial discrimination actually motivated the defendant[], or indirectly by demonstrating that the defendant['s] reasons are unworthy of belief." Id. (citing Carey v. U.S. Postal Serv., 812 F.2d 621, 626 (10th Cir. 1987)). Plaintiff offers only indirect evidence to support her arguments. Plaintiff argues that Defendant's reasons are based solely on the subjective opinions of her supervisor and not any objective standard. In evaluating Plaintiff's efforts at showing pretext, the material

inquiry is whether Plaintiff has produced evidence sufficient to raise a question of material fact as to whether Defendant's legitimate, nondiscriminatory reason for Plaintiff's non-selection "was not an honestly held belief but rather was subterfuge for discrimination." Young v. Dillon Cos., Inc., 468 F.3d 1243, 1250 (10th Cir. 2006).  The Court's duty is to look at the facts as they appear to the decision maker and to not "act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments." Id.  Thus, the Court will not second guess the legitimacy of Defendant's decision. "'The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs.'" Hamilton v. Okla. City Univ., 563 F. App'x 597, 604 (10th Cir. 2014) (quoting Lobato v. N.M. Env't Dep't, 733 F.3d 1283, 1291` (10th Cir. 2013)).  Contrary to Plaintiff's arguments, Defendant has demonstrated several areas where Plaintiff's work performance fell below the standard set by her supervisor.  The supervisor discussed those shortcomings with Plaintiff and outlined ways in which Plaintiff could improve her work performance.  The supervisor also provided Plaintiff with written explanations on the redlined documents.  While Plaintiff may disagree with her supervisor's assessment of her work, she has failed to demonstrate a material question exists as to Defendants' belief in those reasons.  Thus, Plaintiff has failed to show pretext and Defendant is entitled judgment on her claims.[*]

---

[*] Plaintiff concedes that if her Title VII claim fails, her OADA claim also fails.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 25) is GRANTED.  A separate judgment will issue.

IT IS SO ORDERED this 2nd day of March 2021.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge